IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dorothy Pierce, | ) |
| Plaintiff, | ) Civil Action No. 8:23-cv-5609-TMC |
| vs. | ) **ORDER** |
| Danny Singleton, *Oconee County Probate Judge*, | ) |
| Defendant. | ) |

Plaintiff Dorothy Pierce, proceeding *pro se* and *in forma pauperis* (ECF No. 7), filed this action against Judge Danny Singleton on November 3, 2023, raising a number of allegations relating to a pending probate matter. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Thereafter, the magistrate judge issued an order, instructing Plaintiff to bring the case into proper form within twenty-one (21) days of the order and informing her that failure to do so may result in her case being forwarded to the undersigned United States District Judge with a recommendation that her case be dismissed. (ECF No. 6).

Plaintiff subsequently filed an amended complaint, (ECF No. 9), wherein she asserted causes of action for violations of her rights under 42 U.S.C. § 1983, conspiracy to violate her rights under 42 U.S.C. § 1985(3), and deprivation of rights under 18 U.S.C. § 242. (ECF No. 9-1). Plaintiff contends she suffered irreparable injury due to Judge Singleton's actions and seeks: (1) "a declaration from the court affirming the violation of [her] constitutional rights and the invalidity of Judge Singleton's orders;" (2) an injunction against Judge Singleton; (3) monetary damages;

1

(4) judicial review of Judge Singleton's orders; (5) Judge Singleton's recusal from the case; (6) "legal fees, lost wages, and costs;" and (7) "court-ordered measures to prevent further judicial misconduct or biased actions." (ECF No. 9-1 at 25-28).

On December 20, 2023, the magistrate judge filed a Report and Recommendation, recommending this case be dismissed for failure to state a claim as well as pursuant to the United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny which provide that federal courts should not interfere with state proceedings absent extraordinary circumstances. (ECF No. 12). The magistrate judge opined that Plaintiff could not cure the defects identified in his Report; therefore, he recommended the undersigned dismiss this action with prejudice, without leave to amend, and without issuance and service of process. (ECF No. 12 at 8). The Report was mailed to Plaintiff at the address she provided the court, (ECF No. 13), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of her right to file specific objections to the Report, (ECF No. 12 at 9), but she failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see*

2

*also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 12), which is incorporated herein by reference.  Therefore, this case is **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

3

January 19, 2024
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.